IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 25-mj-00074-CYC-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.      Humberto Ivan Amador Gavira,

    Defendant.

---

## ORDER OF DETENTION

---

THIS MATTER came before the Court for a detention hearing on April 15, 2025.

The government is requesting detention in this case. The defendant contested detention. Both sides offered argument beyond the contents of the bail report. In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must

1

be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following: The defendant

is charged with Title 18 U.S.C. § 922(g)(5)(B) - Unlawful Possession of Ammunition by Alien Admitted Under a Nonimmigrant Visa.

The Defendant has little to no criminal history. The Defendant is a citizen and resident of Mexico who was traveling in the United States under a tourist visa, which did not allow for work in the United States. He was arrested with his co-defendant in a van carrying more than 180,000 rounds of high-powered rifle ammunition, late at night, traveling from Utah to Pueblo, Colorado. The van had Mexican plates. If convicted, the defendant faces a maximum sentence of 15 years in prison (although defense counsel argued that given his minimal criminal history, he likely would face a much lower sentence, perhaps int eh range of three years). He has little connection to Colorado and all his family is in Mexico.

Based on these facts, I conclude the defendant is a flight risk. I also conclude that by transporting what can only be described as industrial quantities of high-powered ammunition in violation of the law, he represents a danger to the community and the public in general. I conclude by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community or that the Defendant will appear at trial. Accordingly,

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: April 16, 2025

BY THE COURT:

*N. Reid Neureiter*
United States Magistrate Judge

4